IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL** |
| v. | : | |
| **CLARENCE EDWARDS** | : | **NO. 94-cr-048-2** |
| **UNITED STATES OF AMERICA** | : | **CIVIL ACTION** |
| v. | : | |
| **CLARENCE EDWARDS** | : | **NO. 07-cv-4938** |

**MEMORANDUM AND ORDER**

Defendant was convicted of bank robbery in this court in 94-cr-048-2.  Defendant

filed a petition in this court seeking Habeas Corpus relief on November 21, 2007.

Defendant admits that the federal statute that he was convicted of violating, 18

U.S.C. §2113, makes it a federal crime to rob a bank whose deposits are insured by the

Federal Deposit Insurance Corporation (hereinafter "the FDIC").  Defendant seems to

admit that he robbed the bank in question; he also admits that that bank was insured by

the FDIC.  Defendant claims that 18 U.S.C. §2113 is unconstitutional, as it allegedly

violates the Commerce Clause of the United States Constitution.[1]  Defendant argues

that banks insured by the FDIC are not engaged in Interstate Commerce, and that the

federal government therefore allegedly lacks the authority to make robbing a bank

insured by the FDIC a federal crime.  Defendant also claims that the enactment and the

enforcement of 18 U.S.C. §2113 by the federal government violates the Tenth

Amendment to the United States Constitution.

_____

[1]The Commerce Clause is set forth in Article I, Section 8, Clause 3 of the United
States Constitution.

Habeas corpus motions pursuant to AEDPA[2] are the ***only*** possible means of obtaining this type of relief from federal custody.  Okereke v. United States, 307 F.3d 117 (3rd Cir. 2003); United States v. Dorsainvil, 119 F.3d 245 (3rd Cir. 1997).  In cases involving prisoners in federal custody, AEDPA, if it applies at all,  provides for relief by means of 28 U.S.C. §2255 (in some factual situations), or by means of 28 U.S.C. §2241 (in other factual situations).  Relief pursuant to 28 U.S.C. §2255 for a petitioner who is in federal custody is limited by the terms of 28 U.S.C. §2255 itself to:

I.      an attack on the constitutionality[3] (of )

II.     the imposition (and not the execution) of a federal conviction and/or
        a federal sentence,

III.    (which is) made after the imposition of the federal sentence.[4]

A grant of relief pursuant to 28 U.S.C. §2241 in cases involving federal custody is limited to:

I.      an attack that is not constitutional in nature; ***and/or***

II.     an attack on the execution of a federal conviction and/or sentence, and
        not its imposition; ***and/or***

III.    an attack made before the imposition of the federal sentence.

---

[2]The Antiterrorism and Effective Death Penalty Act of 1996, codified in relevant part as 28 U.S.C. §§2241-2266.

[3]In this Memorandum and Order, for the purpose of brevity, we will use the term "Constitutional" to refer not only to attacks based on alleged violations of the U.S. Constitution, but also to attacks based on alleged violations of federal statutes and treaties involving the United States.

[4]Okereke v. United States, 307 F.3d 117 (3rd Cir. 2002); Cradle v. United States ex rel Miner, 290 F.3d 536 (3rd Cir. 2002); In Re: Dorsainvil, 119 F.3d 245 (3rd Cir. 1997).

Defendant does not say what section of AEDPA he seeks relief under; analyzing his petition, the Clerk of this Court elected to have the petition of November 21, 2007 opened as a 28 U.S.C. §2255 petition, as petitioner has been sentenced and makes a constitutional argument against the imposition of that sentence.

Contrary to Local Civil Rule 9.3(a), and Rule 2 of the Rules Governing 28 U.S.C. §2255 Proceedings in the United States District Courts, this petition was not filed with the requisite current standard 28 U.S.C. §2255 form, prescribed by this court, effective December 1, 2004.  Aside from the dictate of the aforesaid rules of court, use of this court's current standard form in 28 U.S.C. §2255 habeas cases is necessary so as to guarantee that the defendant is made aware of the specific warnings required from this district court at the commencement of any 28 U.S.C. §2255 habeas case pursuant to ***USA v. Thomas***, 221 F.3d 430 (3rd Cir. 2000) (which relates to the ***strict and short*** statute of limitations that exists for filing any Habeas Corpus petition); and  ***USA v. Miller***, 197 F.3d 644 (3rd Cir. 1999) (which relates to the ***strict*** restrictions on a federal district court's ability to consider a "second or successive" 28 U.S.C. §2255 petition) (these specific ***Thomas*** and  ***Miller*** warnings are contained in the introductory text of this court's  aforesaid current standard §2255 form).  Whereas this Court is required by the Third Circuit's language in the ***Thomas*** and ***Miller*** decisions to give defendants in §2255 cases these ***Thomas*** and ***Miller*** warnings at the time of filing, this court cannot "waive" the form requirements of Local Civil Rule 9.3(a).

Accordingly, this                                 Day of 2007, it is hereby **ORDERED** as follows:

1.      The Clerk of this Court shall furnish defendant with a blank copy of this court's current standard form for filing a petition pursuant to 28 U.S.C. §2255 (bearing the above-captioned civil action number).

2.      The defendant shall complete this court's current standard form as directed by Local Civil Rule 9.3(a) (that is, by setting forth his entire argument on the form itself, without recourse to any attachments), and return it to the Clerk of Court within thirty (30) days.

3.      Failure on the part of defendant to comply with this Order shall result in the dismissal of this civil action.


**S/ J. CURTIS JOYNER**
**J. CURTIS JOYNER, U.S. District Judge**

4