IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL |
| v. | : | |
| CLARENCE EDWARDS | : | NO. 94-cr-048-2 |
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| v. | : | |
| CLARENCE EDWARDS | : | NO. 07-cv-4938 |

## MEMORANDUM AND ORDER

Defendant Edwards was convicted of bank robbery in this court in 94-cr-048-2. Edwards filed one prior petition attacking his conviction and/or sentence in 94-cr-48-2 by means of 28 U.S.C. §2255; this petition, 97-cv-2715, was dismissed after consideration of the merits of the arguments presented.

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus.  In the context of persons in federal custody, if such a writ of habeas corpus is issued by a federal court, the prisoner will be released from federal custody on the grounds that his rights guaranteed by the United States Constitution, and/or by a federal law, and/or by a treaty entered into by the United States, have been violated.  Cradle v. US ex rel Miner, 290 F.3d 526 (3rd Cir. 2002).

Edwards claims that prosecution pursuant to the federal bank robbery statute he was convicted of violating, 18 U.S.C. §2113, is limited under the terms of that statute to acts of robbery of banks that are part of the Federal Reserve system, unless the government can demonstrate that the bank robbed was involved in interstate

1

commerce. As this is a constitutional argument, and also an argument based on the interpretation of a federal statute, it would appear, at least at first glance, that the petition filed by Edwards in 07-cv-4938 is properly categorized as a 28 U.S.C. §2255 petition; however, by means of a letter from Edwards dated December 5, 2007, Edwards insists that 07-cv-4938 be treated not as a 28 U.S.C. §2255 petition, but as a "Motion Challenging Subject Matter Jurisdiction." The court will accordingly at the present time allow the motion filed on November 21, 2007 to proceed as a "Motion Challenging Subject Matter Jurisdiction" as Edwards requests, and not as a 28 U.S.C. §2255 petition; this court will also at the present time dismiss 07-cv-4938 on the merits as frivolous on its face.

Edwards admits that the bank he was convicted of robbing is insured by the Federal Deposit Insurance Corporation. Edwards then claims that the government has not demonstrated that the bank he was convicted of robbing was involved in interstate commerce; this claim is based on a facile and highly deceptive misrepresentation of what 18 U.S.C. §2113(f) actually states when it is read <u>in its entirety</u>:

> "As used in this section the term "bank" means any member bank of the Federal Reserve System, and any bank, banking association, trust company, savings bank, or other banking institution organized or operating under the laws of the United States, **including** a branch or agency of a foreign bank (as such terms are defined in paragraphs (1) and (3) of section 1(b) of the International Banking Act of 1978), **and** any institution the deposits of which are insured by the Federal Deposit Insurance Corporation. (Emphasis Added)."

Edwards makes no further argument. Accordingly, this 20th Day of February, 2008, it is hereby **ORDERED** as follows:

1. Document #284 in 94-cr-48-2 is re-characterized as a Motion Challenging Subject Matter Jurisdiction, and not as a 28 U.S.C. §2255 petition.

2. Document #284 in 94-cr-48-2 is **DENIED** on the merits as frivolous.

3. 07-cv-4938 is **DISMISSED WITH PREJUDICE** as frivolous.

_____
J. CURTIS JOYNER, U.S. District Judge

X2: MAILED
C. EDWARDS

Clarence Edwards,#90078-071
U.S.Penitentiary, Canaan
P.O. Box 300/ Unit C-2 #203
Waymart,Pennsylvania 18472
December 5, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
U.S. COURTHOUSE
INDEPENDENCE MALL
601 MARKET STREET
PHILADELPHIA PA. 19106-1797

Re:Clarence Edwards   v.   UNITED STATES   #07-4938
Dated 11-19-07

   This brief communication comes in response to a notice received by me from this court on 11-04-07.Erroneously providing that it acknowledges reciept of a 28 USC 2255, filed by me,Clarence Edwards, with this court. Please take notice that the motion filed, is very specific in it s entirety that Clarence Edwards, is challenging this courts,"SUBJECT MATTER JURISDICTION," which motion may be filed at any time.

   Because I do not wish to have my motion,"Misconstrued," as a challenge to some other issue via 2255. I make this vehement attempt to curtail any misunderstandings concerning the filed motion/petition.

   Petitioner, is wholly aware that a 2255 challenge,(in his case) would require that he first seek permission to file a successive petition in The Third Circuit Court of Appeals. Again, Petitioner does not in any form or fashion make arguments within the meaning of a 28 USC 2255.

   Rather,He challenges,"SUBJECT MATTER JURISDICTION," which can be challenged at anytime.Please refer to introduction page of petitioners petition/motion.

   Kindly list the same before the court requesting that it take judicial notice.

RESPECTFULLY SUBMITTED,
*Clarence Edwards*